UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-36** |
| **LUIS J. COTTO** | **SECTION: "S" (1)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Petition for a Sentence Reduction** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Rec. Doc. 577) is **DENIED** without prejudice for failure to exhaust remedies.

Before the court is defendant's Petition for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed pro se. The government opposes the motion.

On July 19, 2018, defendant pled guilty to one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin and five kilograms or more of cocaine hydrochloride, and with one count of using a telecommunications facility in furtherance of drug trafficking. On October 25, 2018, the court sentenced defendant to 78 months in prison. Defendant is currently serving his term of imprisonment at FCI Elkton, in Lisbon, Ohio. He now moves for a sentence reduction based on the compassionate release statute, due to the threat posed by the COVID-19 pandemic.

Attached to defendant's motion is a response from the Bureau of Prisons ("BOP") denying his request made to BOP officials for a reduction in sentence due to the COVID-19 pandemic. In opposing the instant motion, the government argues that notwithstanding the fact

that defendant petitioned and received a denial from the BOP, defendant has not fully exhausted his remedies as required for this court to consider his motion, because he did not appeal the BOP denial. In support, the government contends that defendant's case manager has confirmed that defendant did not appeal the denial.

A district court has limited authority to modify a sentence. The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i).

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>>> (i) extraordinary and compelling reasons warrant such a reduction….

18 U.S.C. § 3582(c)(1)(A)(i). Thus, this court may grant defendant's motion for a reduction in his sentence only if the motion is filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's

facility, whichever is earlier." Id. "The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional." United States v. Mingo, 2020 WL 2308635, at *2 (E.D. La. May 8, 2020) (quoting United States v. Gentry, No. 03-50033, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) (citing United States v. Garcia, 606 F.3d 209, 212 n.5 (5th Cir. 2010);United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point")). The exigencies of the COVID-19 pandemic do not alter this requirement. Id. (citing United States v. Guyton, 2020 WL 2128579, at *2 (E.D. La. May 5, 2020)(internal citation omitted) (collecting cases)("This conclusion is supported by a number of cases in which courts have addressed motions for compassionate release under the [First Step Act] due to COVID-19 and found they do not have the authority to address those motions when the defendants have not first satisfied the exhaustion requirements[.]")).

Because defendant herein has applied to the BOP for relief, and the BOP has formally responded to defendant's motion, the first exhaustion method applies in this case.

In order to "fully exhaust all administrative remedies," the regulations provide as follows:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a).

The regulations further provide:

> (a) When an inmate's request is denied by the Warden, the inmate will receive written notice and a statement of reasons for the denial. The inmate may appeal the denial through the Administrative Remedy Procedure (28 CFR part 542, subpart B).
>
> (b) When an inmate's request for consideration under 18 U.S.C. 4205(g) or 3582(c)(1)(A) is denied by the General Counsel, the General Counsel shall provide the inmate with a written notice and statement of reasons for the denial. This denial constitutes a final administrative decision.
>
> (c) When the Director, Bureau of Prisons, denies an inmate's request, the Director shall provide the inmate with a written notice and statement of reasons for the denial within 20 workdays after receipt of the referral from the Office of General Counsel. A denial by the Director constitutes a final administrative decision.

28 C.F.R. § 571.63.

In the present case, defendant does not contend that he has exhausted administrative remedies as set forth in the foregoing applicable regulations. Accordingly, his motion for reduction of sentence must be denied without prejudice to be re-urged if and when the exhaustion requirements are met. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Petition for a Sentence Reduction** pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Rec. Doc. 577) is **DENIED** without prejudice for failure to exhaust remedies.

New Orleans, Louisiana, this __26th__ day of May, 2020.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE