UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-36** |
| **LUIS COTTO** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Reconsideration** (Rec. Doc. 583) filed by defendant, Luis Cotto, is **DENIED**.

### BACKGROUND

Before the court is defendant's motion to reconsider the court's order entered May 26, 2020 (Rec. Doc. 582) denying his motion under 3582(c)(1)(A) for compassionate release. The court denied the prior motion without prejudice for failure to exhaust. While defendant had applied to the Bureau of Prisons ("BOP") for this relief, and received a denial of his request from the BOP (Rec. Doc. 577, p. 7), he did not fully exhaust under the required statutory framework, which the court set forth in detail in its prior order. He now moves the court to reconsider that order, contending that he has exhausted his remedies and pointing to the previously submitted exhibit.

The government opposes the motion, arguing that defendant has still failed to exhaust his remedies with the BOP.

**DISCUSSION**

While motions for reconsideration in criminal actions "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." United States v. Lewis, 921 F.2d 563, 564 (5th Cir. 1991) (citing United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982)). Courts apply the standards set forth in the Federal Rules of Civil Procedure to motions for reconsideration in the criminal context. U.S. v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010) (citing U.S. v. Healy, 376 U.S. 75, 78-79 (1964)) (discussing application of civil standard to criminal actions in the context of motions for rehearing at the appellate level)).

The United States Court of Appeals for the Fifth Circuit has held that if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion is treated as motion to alter or amend under Rule 59(e). Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citation omitted). see also FED. R. CIV. P. 59(e). Defendant filed the instant motion on June 15, 2020, and is thus subject to the standards for Rule 59(e).

Rule 59(e) serves "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Merritt Hawkins & Assocs., L.L.C. v. Gresham, 861 F.3d 143, 157 (5th Cir. 2017) (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation omitted)). Amending a judgment is appropriate under Rule 59(e): "'(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" Alexander v. Wells Fargo Bank, N.A., 867 F.3d 593, 597 (5th

2

Cir. 2017) (citing Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012)).

In the present case, defendant has not met any of these requirements. The evidence of exhaustion that he points to in support of his motion was previously submitted and considered. As pointed out in the court's prior order, because defendant has not appealed the denial of his administrative request to the BOP, he has not satisfied the exhaustion requirement.[1] Likewise, defendant has not pointed to a manifest error of law or fact in the court's prior order, nor has there been an intervening change in controlling law. Accordingly, the defendant has not demonstrated any grounds for the court to reconsider its prior order, and therefore,

**IT IS HEREBY ORDERED** that the **Motion for Reconsideration** (Rec. Doc. 583) filed by defendant, Luis Cotto, is **DENIED**.

New Orleans, Louisiana, this ___8th___ day of July, 2020.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[1] The court also notes that the additional documents submitted with the motion to reconsider – evidence of defendant's child's autism diagnosis and his own diabetes diagnosis – in addition to being previously available, by themselves do not establish the "extraordinary and compelling reasons" warranting a reduction under 18 U.S.C. § 3582(c)(1)(A)(I), even if the court were to reach the merits.