UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-36** |
| **LUIS COTTO** | **SECTION: "S" (1)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's second **Motion for Compassionate Release** (Rec. Doc. 611) is **DENIED**.

BACKGROUND

On July 19, 2018, defendant pled guilty to one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin and five kilograms or more of cocaine hydrochloride, and with one count of using a telecommunications facility in furtherance of drug trafficking. On October 25, 2018, the court sentenced defendant to 78 months in prison as a first offender who was eligible for safety valve treatment.

Defendant is now incarcerated at FCI Elkton, in Lisbon, Ohio. He has a projected release date of October 19, 2023, and thus has served approximately half of his sentence. Defendant's previous motion for compassionate release based on the threat posed by the COVID-19 pandemic was denied for failure to fully exhaust his administrative remedies, because he did not appeal the Warden's initial denial of his request. Rec. Doc. 582. A subsequent motion to reconsider was also denied because no further evidence of exhaustion was presented. Rec. Doc. 598.

Defendant has filed the instant successive motion for compassionate release, arguing that he is not required to appeal the denial of his administrative request. He further argues that he should be released because FCI Elkton has not taken adequate steps to contain COVID-19, and that his medical conditions, including diabetes and obesity as a Latino male, warrant compassionate release.

## DISCUSSION

Defendant seeks compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A). Under that provision, the court,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction. . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

*Exhaustion Requirement*

The Fifth Circuit has recently clarified that the requirement that a defendant file a request with the Bureau of Prisons ("BOP") before filing a motion in federal court is a mandatory, but nonjurisdictional, claim-processing rule. United States v. Franco, —F.3d---, 2020 WL 5249369, at *2 (5th Cir. Sept. 3, 2020). As such, it is mandatory if properly raised, but may be waived or forfeited by an opposing party. Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 714 (2019).

In the present case, defendant has never appealed the denial of his request by the warden, but the Government has submitted that it nevertheless considers the administrative request process

fully exhausted. Thus, the court considers the Government to have waived any unsatisfied exhaustion requirement. Accordingly, the court addresses the merits of defendant's motion.

**Merits Discussion**

Title 18, section 3582 permits the court to reduce the term of imprisonment only after considering the applicable factors set forth in section 3553(a) and upon a finding that extraordinary and compelling reasons warrant a reduction and that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The applicable Sentencing Commission policy statement provides that a defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[the defendant] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. Under the application notes to the Guideline, the court reaches the question of "extraordinary and compelling reasons" only after the defendant has satisfied the requirement of subsection two, that he is not a danger to the safety of others under section 3142(g). U.S.S.G. § 1B1.13, cmt. n.1.

In determining if a defendant is a danger to another person or the community, title 18, section 3142(g) requires consideration of factors including, inter alia, "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device", the weight of the evidence against the defendant; and the history and characteristics of the defendant. . . . 18 U.S.C.A. § 3142(g).

Defendant argues that his diabetes and obesity diagnoses, coupled with his status as a

3

Latino male, constitute an extraordinary and compelling reason warranting a sentence reduction. However, he makes no attempt to demonstrate that he is not a safety danger under section 3142(g), which is a prerequisite to the "extraordinary and compelling reason" inquiry.

In this case, defendant pleaded guilty and was convicted for his role in a multi-year, multi-state drug distribution conspiracy. The defendant acted as a supply source for other participants in the conspiracy, and was intercepted on a call negotiating the sale of a kilogram of heroin, and arrested a year later with $225,000 in cash hidden in the door panels of his car. As well, he has committed conduct violations while in prison including possession of a cell phone, possession of a hazardous tool, and possession of alcohol.

Under section 3142(g), convictions involving a controlled substance are specifically identified as factors that demonstrate that a defendant is a danger to the community. Moreover, defendant's conduct violations while in prison are troubling. On this record, the court finds that defendant has failed to establish that his release would not pose a danger to the community, and thus he does not qualify for a reduction in sentence.

Further, even if he could satisfy the requirements of section 3142(g), defendant's medical condition does not rise to the level of an "extraordinary and compelling reason" warranting a reduction. While the application notes to the policy statement provide that certain types of medical conditions qualify as "extraordinary and compelling reasons," such as when a defendant is "suffering from a serious physical or medical condition," the condition must also be one "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility. . . ." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The CDC has identified type II

diabetes and obesity as risk factors that heighten the likelihood of severe injury or death if an inmate were to contract COVID-19, and the Government has acknowledged that as such, defendant has serious medical conditions as contemplated by the Guidelines.

However, though the defendant's health conditions are serious, there is no suggestion that he is presently unable to take care of himself within the confines of his facility. Nor has he demonstrated that BOP cannot manage his medical condition appropriately. To the contrary, a review of defendant's medical records reflects that the BOP is adequately and competently administering the necessary care for his disease.[1] His most recent examination showed that he receives regular diabetes examinations, has a glucose meter, and his medications are carefully supervised. Rec. Doc. 615-1, p. 1. He receives regular eye exams to ensure his diabetes does not affect his vision, and his most recent checkup showed no impact to his vision. Id. at 24. His recently developed diabetic neuropathy is limited to decreased sensation in one foot. Id. at 15.

Additionally, according to the BOP, at the facility where defendant is housed (FCI Elkton), currently only one inmate and two staff have confirmed positive test results for COVID-19, with nine inmate and no staff deaths and with 949 inmate recoveries and 52 staff recoveries.[2] As well, defendant's medical records indicate that FCI Elkton is regularly testing inmates and defendant has been tested for COVID-19 even though he was asymptomatic on May 21, June 11, and June 29 of

---

[1] The record also reflects that defendant has occasionally refused treatment for diabetes, undermining his argument that his condition is serious enough to warrant compassionate release. Rec. Doc. 615-1, pp. 19-20.

[2] https://www.bop.gov/coronavirus/index.jsp, consulted on 9/25/2020.

this year[3]. Thus, it appears that the BOP is adequately managing both defendant's condition and the pandemic within their facility. On this record, the court finds that defendant's medical conditions do not meet the standard for a reduction.

Finally, the court also notes that consideration of the section 3553 factors does not support a sentence reduction. Under 18 U.S.C. § 3553(a), a court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. Defendant was convicted of a serious crime, as part of a conspiracy involving large amounts of drugs, and the sentence imposed of 78 months reflected defendant's first offender status and safety valve eligibility. Nevertheless, he has accrued several conduct violations while incarcerated. A reduction to time served at this juncture would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes of the defendant. Accordingly,

**IT IS HEREBY ORDERED** that defendant's second **Motion for Compassionate**

---

[3] Rec. Doc. 615-1, pp. 2-5.

**Release** (Rec. Doc. 611) is **DENIED**.

New Orleans, Louisiana, this __28th__ day of September, 2020.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**